# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LARRY HOLMES | ) | |
| | ) | |
| Plaintiff, | ) | No.: |
| | ) | |
| vs. | ) | Judge: |
| | ) | Magistrate Judge: |
| CITY OF CHICAGO, DAVID HODGEMAN, | ) | |
| B. J. OWENS, C. J. SULLIVAN, AND | ) | |
| J. R. GRIB, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

## Parties

4. Plaintiff Larry Holmes is a resident of Chicago, Illinois.

5. Defendant-Officers David Hodgeman (Star 11868), B. J. Owens (Star 17628), C. J. Sullivan (Star 17811), and J. R. Grib (Star 2437) are duly appointed and sworn Chicago police officers.

6. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7. Defendant-Officers are sued in their individual capacities.

8. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois and is the employer and principal of Defendant-Officers.

**Facts**

9. On June 1, 2020, Defendant-Officers were on patrol in Chicago, Illinois.

10. Defendant-Officers were flagged down by an anonymous citizen who said she saw a grew minivan parked near her garage and when she approached the vehicle it drove away. She gave the officers no description of the occupants of the vehicle.

11. Defendant-Officers later saw a blue mini van parked in a T alley near 95th Street and Princeton Avenue.

12. Defendant-Officers approached the minivan and ordered everyone out of the car. Everyone complied.

13. Plaintiff was a rear passenger in the vehicle.

14. Defendant-Officers ran the vehicle registration. Defendant-Officers learned that the vehicle was registered to Jasmine Taylor, who was the wife of Michael Taylor, the driver of the vehicle.

15. Defendant-Officers searched the minivan and found a firearm under the driver's seat.

16. Defendant-Officers learned that the firearm was also registered to Jasmine Taylor, who has a valid FOID card.

17. Plaintiff had no idea the gun was in the vehicle.

18. Defendant-Officers never saw Plaintiff with the gun nor did they have any reason to believe he knew the gun was in the vehicle.

19. In fact, they knew the gun belonged to Jasmine Taylor, a lawful FOID card owner and owner of the vehicle.

20. Without lawful justification, Defendant-Officers arrested and charged Plaintiff with the serious firearm offence of Armed Habitual Criminal, a class X felony, which carried a sentence of at least 6-30 years in the Illinois Department of Corrections.

21. Prior to arresting and charging the Plaintiff, Defendant-Officers had not seen Plaintiff engage in any illegal activity nor did they have probable cause, reasonable suspicion, or any other lawful basis to arrest and charge the Plaintiff.

22. In order to substantiate serious felony weapons charges against Plaintiff, Defendant-Officers made false statements in police reports, false statements to the state's attorney's office, and testified falsely before the grand jury and at trial, including but not limited to the following false statements: that Plaintiff was making suspicious movements in the vehicle and that the only way the firearm could have gotten under the driver's seat was from the back seat where Plaintiff was sitting.

23. These statements were not true. At trial, it was established that Ms. Taylor put the firearm in the vehicle when she was driving it earlier that day, and that she did so from the front.

24. Defendant-Officers either participated in perpetuating these false statements or failed to intervene to stop the statements from being made or failed to bring the truth to light despite having the opportunity to do so.

25. Based on those false statements made in police reports and conveyed by the Defendant-Officers to the State's Attorney, and false statements made before the grand jury, Plaintiff was formally charged in a four-count indictment with one count of Armed Habitual

Criminal, one count of Felony Possession of a firearm, and two counts of Aggravated Unlawful Use of a Weapon, which carried the potential for significant time in prison.

26. Plaintiff's criminal case was docketed as <u>People v. Larry Holmes</u>, No. 20 CR 0602001 in the Circuit Court of Cook County and a bond was set based on the severity of the charges.

27. Throughout the duration of Plaintiff's criminal proceedings, Defendant-Officers took steps to continue his criminal prosecution, including, but not limited to: drafting false police reports, giving false information to the State's Attorney's Office, appearing in court, and failing to bring the truth to light.

28. Discovery was exchanged in the criminal case, including firearm and vehicular records for Ms. Taylor, as well as an affidavit of Ms. Taylor, all of which further confirmed that this was Mr. Taylor's vehicle and firearm and that Mr. Holmes had no knowledge of it.

29. On July 12, 2023, Plaintiff was found not guilty of all charges after a bench trial.

30. During his entire criminal prosecution, Plaintiff was detained as a result of the false felony gun charges brought by Defendants. At times he was detained in a correctional facility at other times he was detained on electronic home monitoring, all involving significant restrictions of liberty and movement.

31. As a direct and proximate result of the acts of the Defendants described above, Plaintiff was arrested, detained, and prosecuted for a crime he did not commit and faced numerous other emotional and financial consequences including but not limited to: physical pain and suffering, emotional distress, and pecuniary damages.

32. Each individual Defendant-Officer personally participated in the unlawful conduct, and/or acted jointly and in concert with the other Defendants who participated or

acquiesced in the unlawful conduct, or failed to intervene to stop the unlawful conduct or bring the truth to light.

## COUNT I
### 42 U.S.C. §1983 – Fourth Amendment Unlawful Detention/Federal Malicious Prosecution Claim v. Defendant-Officers

33. Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

34. Defendant-Officers, knowing that probable cause did not exist, acted to cause Plaintiff to be arrested, detained and prosecuted for serious felony weapons charges knowing that Plaintiff was being seized and detained without probable cause for those charges, thereby violating Plaintiff's right to be free from unreasonable seizures guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution.

35. During his entire criminal prosecution, Plaintiff was detained. At times he was detained in correctional facility, at other times he was detained on electronic home monitoring, at all times with significant restrictions of liberty and movement. His restrictions on liberty were a direct result of the baseless criminal prosecution for serious weapons charges. Even when released on home monitoring, his conditions were so restrictive he was not allowed to leave his home without approval from the court. He was required to comply with these conditions or face arrest, his appearance was also compelled at court dates, and he was under the control of the Cook County court system.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a) Enter judgment against Defendant-Officers,

    b) Award Plaintiff compensatory and punitive damages,

    c) Award attorneys' fees and costs, and

    d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### State Law Malicious Prosecution Claim v. Defendant-Officers and City of Chicago

36. Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

37. Defendant-Officers commenced and/or continued false felony criminal charges against Plaintiff.

38. Defendant-Officers did so with malice.

39. There was no probable cause for such charges.

40. The charges were terminated in a manner favorable to the Plaintiff and indicative of the innocence of the Plaintiff.

41. The acts of the Defendant-Officers, as described above, were committed in the scope of employment.

42. As principal and employer, Defendant City of Chicago is liable for its agents' actions under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers

b) Enter judgment against the City of Chicago for its agents' actions under the doctrine of *respondent superior*

c) Award Plaintiff compensatory and punitive damages,

d) Award costs, and

e) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### Indemnification Claim pursuant to 745 ILCS 10/9-102 v. City of Chicago

43. The acts of the Defendant-Officers described above were willful and wanton, and committed in the scope of employment.

6

44. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant City of Chicago to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands a trial by jury on all claims.**

                                                Respectfully submitted,

                                                /s/ Sara Garber
                                                *Counsel for Plaintiff*

Sara Garber
Thedford Garber Law
1932 S Halsted, Unit 506
Chicago, Illinois 60608
773-288-9304
sara@thedfordgarberlaw.com
ARDC# 6303358