**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Larry Holmes, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 24-cv-465 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso |
| City of Chicago, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' motion for summary judgment against Plaintiff Larry Holmes. For the reasons that follow, summary judgment is granted to Defendants on Plaintiff's Fourth Amendment claim and the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Civil case terminated.

## **Background**

The following facts are taken from the parties' local rule 56 submissions and the documents cited therein, and are undisputed or presented in the light most favorable to Holmes, the non-moving party. The Court sets forth only the facts relevant to the grounds on which it decides the instant motion.

On June 1, 2020, the Defendant Officers were on routine patrol. While the Defendant Officers were parked, a woman approached them and informed them that she had seen a gray minivan parked alongside her garage that drove away when she approached it. The Defendant Officers headed north and saw a blue minivan parked in an alley. Officer Hodgeman activated his emergency equipment and pulled behind the van. Officer Owens approached the driver and asked what he was doing. While doing so, Officer Owens saw what he suspected to be crack cocaine in

the driver's side door. The driver was arrested for possession of a controlled substance, and at some point, admitted he was on his was to sell cocaine when he was stopped by the Defendant Officers.

The Defendant Officers subsequently ordered the passengers to exit the minivan. Holmes was seated directly behind the driver's seat. Upon searching under the driver's seat from the rear driver's-side door, Hodgman located a firearm with a muzzle facing the front of the car and retrieved it from the rear door. The firearm was separated from the front of the minivan by a plastic piece under the driver's seat, which is pictured below.



ECF No. 53-10 at 8.

The Defendant Officers asked the vehicle's occupants for identification. When they ran the individuals through a database, they found that none possessed a valid firearm owner's

identification card or concealed carry license. The Defendant Officers did not see Holmes touch or possess the gun. No one in the car claimed ownership of the gun or stated that it was Holmes' firearm. Holmes eventually told the Officers that the firearm was not his. The driver of the car informed the Officers that the firearm belonged to his wife. Holmes was arrested and charged with unlawful possession of a firearm under 720 ILCS 5/24-1. Holmes was detained at the Cook County Jail for two months before being released on electronic monitoring with no movement allowed outside of his residence, unless approved by the Sheriff.

After a bench trial, a judge acquitted Holmes. On January 18, 2024, Holmes filed suit against Officers David Hodgeman, B.J. Owens, C.J. Sullivan, and J.R. Gribbs and the City of Chicago alleging a federal claim under 42 USC § 1983 for unlawful pretrial detention and malicious prosecution as well as state law claims against all Defendants for malicious prosecution and against the City of Chicago for indemnification pursuant to 745 ILCS 10/9-102.

<u>Discussion</u>

## I.     Fourth Amendment Claim

Holmes argues that he was arrested without probable cause and thus that his pre-trial detention and subsequent prosecution violated the Fourth Amendment. Specifically, he argues that there was no reason to believe that he constructively possessed the gun found under the seat in front of him, and thus no probable cause for his arrest or prosecution. The issue of probable cause is determinative because if the Defendants had probable cause to arrest Holmes, his federal claims for malicious prosecution and unlawful pretrial detention fail. *Gaddis v. DeMattei*, 30 F.4th 625, 630 (7th Cir. 2022) ("Probable cause for an arrest provides an absolute defense to a false arrest claim."); *Cannon v. Newport*, 850 F.3d 303, 306 (7th Cir. 2017) (holding probable cause is a "complete defense" to a federal malicious prosecution claim). Defendants make many arguments

as to why they should be granted summary judgment, but the Court need only consider the defense of qualified immunity.

To overcome a defense of qualified immunity, Holmes was required to identify an analogous case where officers who acted similarly were held to have violated the Fourth Amendment. *D.C. v. Wesby*, 583 U.S. 48, 64 (2018) ("Thus, we have stressed the need to identify a case where an officer acting under similar circumstances was held to have violated the Fourth Amendment." (cleaned up)); *Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706, 723–24 (7th Cir. 2013) ("Once a defendant raises the defense of qualified immunity, the plaintiff bears the burden of defeating it either by identifying a closely analogous case or by persuading the court that the conduct is so egregious and unreasonable that, notwithstanding the lack of an analogous decision, no reasonable officer could have thought he was acting lawfully."). Holmes does not identify such a case, and the Court has not found one.

In fact, this case is similar to *Taylor v. Hughes*, 26 F.4th 419 (7th Cir. 2022). There, the Seventh Circuit held that qualified immunity protected a probable cause determination regarding constructive possession where the plaintiff resided in one room of a house, officers found a gun in another room of the house occupied by others, the plaintiff was not present during the seizure, and "there was no evidence linking the defendant to the location in which the [gun] was found." *Id.* at 432. The evidence of Holmes' constructive possession is stronger here, as there is no genuine dispute that A) Holmes was sitting directly behind the driver's seat in the van, B) the firearm was ultimately recovered from under the driver's seat from the rear door, C) a barrier existed at least partially separating others in the vehicle from the firearm, and D) and the muzzle of the firearm

4

was facing the front of the van.[1] ECF No. 58 ¶¶ 30, 33, 37, 39–40; ECF No. 53-10 at 8 (showing the separation between where the gun was recovered and the front seat). All of this demonstrates that Holmes, sitting directly behind the driver's seat, had the most immediate access to the firearm. *People v. Crumpton*, 2024 IL App (1st) 221651, ¶ 16 (explaining that the "likelihood" that a gun was possessed by someone in the back seat was "further evidenced by the fact that the gun was found with the barrel facing forward" under the front seat). Accordingly, with no case where an officer acting similarly was found to have violated the Fourth Amendment and a Seventh Circuit case holding that qualified immunity protected a similar probable cause determination, the Court must grant summary judgment to Defendants on Plaintiff's Fourth Amendment claim.

## II. State Law Malicious Prosecution and Indemnification Claims

In addition, Holmes brings claims for malicious prosecution against the Officers and the City of Chicago and a claim for indemnification against the City of Chicago. These claims arise under state law, and the Court previously exercised supplemental jurisdiction to hear them. However, because there are no longer federal claims in the case, the Court declines to exercise jurisdiction over these claims, and dismisses them without prejudice to their refiling in state court. *See* 28 U.S.C. § 1367(c)(3); *Miller v. Herman*, 600 F.3d 726, 738 (7th Cir. 2010) ("Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." (quotation marks omitted)).

---

[1] To the extent Holmes disputes these facts, he does so improperly with only references to the credibility of the evidence rather than by presenting evidence that calls these facts into question.

## Conclusion

For the reasons stated, the Court grants Defendants' motion for summary judgment [52] as to Plaintiff's Fourth Amendment claim and declines to exercise supplemental jurisdiction on Plaintiff's remaining state law claims. Civil case terminated.

**SO ORDERED.**                                      **ENTERED:   October 8, 2025**

_____
**JORGE L. ALONSO**
**United States District Judge**